DEAN LEASING, INC. *v.* VAN BUREN COUNTY and
Bobby Woodard

CA 88-365                                                767 S.W.2d 316

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1989

*Young & Finley*, by: *Dale W. Finley*, for appellant.

No brief filed.

JUDITH ROGERS, Judge. Dean Leasing, Inc., appeals a summary judgment entered by the Van Buren County Circuit Court for appellees, Van Buren County and Bobby Woodard, former Van Buren County Judge. On appeal, appellant does not appeal the summary judgment for the county, but argues that the trial judge erred in granting summary judgment to Woodard. We disagree and affirm.

In 1984, Woodard signed a lease-purchase agreement with appellant for a copier and copier stand on behalf of the county. Woodard signed the agreement in his representative capacity as county judge and in his personal capacity as guarantor of the agreement. The total of the installment payments amounted to over $6,000.00, and the county was to make sixty monthly payments. Although the agreement was entitled "Lease Agreement," it made no provision for the return of the equipment to appellant. Appellant does not dispute that the lease was actually a lease purchase agreement. The county never advertised bids for a copy machine before this agreement was entered into, nor did it pass an appropriation ordinance or resolution for the purchase or lease of the equipment. Additionally, no order of the county court was passed or signed authorizing the county judge to enter into this transaction. The county used the equipment for approximately ten months; it then stopped making payments and notified appellant to pick up the equipment.

On April 1, 1986, appellant sued the county and Woodard for the remaining payments due under the contract. Although

Woodard was served with process, he did not file an answer or appear. In its answer, the county denied that it entered into a valid agreement and asserted that the agreement was void *ab initio* because the parties did not comply with state law concerning such transactions. On November 2, 1987, the county moved for summary judgment on the ground that the lease-purchase transaction was invalid because the county did not advertise for bids or pass an appropriation ordinance or resolution for the equipment obtained from appellant. In its motion for summary judgment, the county also relied on the fact that the county court did not authorize Woodard to enter into the transaction. The county filed an affidavit of the Van Buren County Clerk in which he stated that no county court order, appropriation ordinance or resolution was prepared and filed regarding the transaction, and that there was no record made of any competitive bidding regarding the transaction.

On July 19, 1988, the circuit judge issued a letter opinion in which he found that the contract was illegal and that the defenses raised by the county were applicable to Woodard. Summary judgment was then entered for the county and Woodard in which the circuit judge found that the the lease purchase contract is invalid and unenforceable for the reasons stated in the county's motion for summary judgment and that the issues and defenses raised in the pleadings by the county are applicable to and inure to the benefit of Woodard.

On appeal, appellant does not dispute the circuit judge's finding that the lease purchase agreement is invalid or that the county did not comply with the state laws regarding such transactions. Although appellant does not argue that Woodard should have been found in default for failure to file an answer or appear, we will briefly address this question. In this case, the county's answer clearly inures to the benefit of Woodard because the county's defense goes to the merits of the whole case and answers allegations directed at and common to Woodard. *See Firestone Tire & Rubber Co. v. Little*, 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980). Here, appellant simply argues that, although the principal obligation between appellant and the county is invalid and unenforceable, Woodard is not relieved of his personal guaranty obligation. We disagree.

Summary judgment is governed by Ark. R. Civ. P. 56, which provides in part that summary judgment may be rendered where the pleadings, depositions, answers to interrogatories and admissions on file, along with supporting affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment is an extreme remedy and should only be allowed when it is clear that there is no issue of fact to be litigated. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984).

As we stated above, there is no dispute that the parties did not comply with Arkansas law regarding such transactions when they entered into this agreement, or that the agreement is invalid with respect to the county. Ark. Code Ann. Section 14-20-106 (1987) [formerly Ark. Stat. Ann. Section 17-416 (Repl. 1980)] provides:

> No county court or agent of any county shall make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended. In no event shall any county court or agent of any county make any contract in excess of any appropriation made, and the amount of the contract shall be limited to the amount of the appropriation made by the county quorum court.

Ark. Code Ann. Sections 14-22-102 and 14-22-104 (1987) [formerly Ark. Stat. Ann. Sections 17-1601 and 17-1603 (Supp. 1985)] provide that it is unlawful for any county official to make any purchases with county funds in excess of $5,000.00 unless, with certain exceptions not applicable here, prescribed bidding procedures are followed. Ark. Code Ann. Section 14-22-112 (1987) [formerly Ark. Stat. Ann. Section 17-1609 (Repl. 1980)] provides that "[n]o contract shall be awarded or any purchase made until it has been approved by the county court, and no contract shall be binding on any county until the court shall have issued its order of approval."

Generally, a guarantor is not liable to the creditor unless the debtor is also bound under the principal contract:

> The guaranty promise is a promise to answer for the debt or the default of the principal debtor under his contract with

the creditor. Therefore, unless the debtor is bound under the principal contract, there is no obligation which is guaranteed and the guarantor is not liable to the creditor if the debtor fails to perform. Applying this principle, the guarantor is not liable to the creditor if there has been a total failure of consideration as to the underlying obligation, and a guarantor is partially discharged to the extent that there has been a partial failure of such consideration.

There are some instances in which the creditor cannot enforce the principal obligation against the debtor because the principal obligation is either illegal or impossible of performance. A problem then arises as to whether a guarantor of such an obligation (rendered illegal or impossible of performance) will be required by the law to perform his secondary or collateral promise. Generally, a promise of guaranty will not be enforced when the obligation which it secures is either illegal or impossible of performance. The reason for such nonenforcement may lie in the nature of the guaranty promise—that is, it may be that the guarantor promised to respond only if the principal debtor was legally required to perform and did not. However, when the defense of illegality is involved, the reason given for not enforcing the guaranty is that enforcement would, in large measure, defeat the intention of the legislature or the policy of the law which declared the obligation illegal. Therefore, enforcement of the guaranty will be refused when it appears that the principal obligation is violative of law, or contrary to public policy or precepts of morality.

. . . If usury has the effect of invalidating the principal contract, the guarantor may set up the fact of usury as a defense to a suit on a guaranty of the principal contract; but if usury does not make the principal contract invalid, the guaranty promise is binding on the guarantor.

38 Am. Jur. 2d *Guaranty* Section 51 (1968).

In *Ryder Truck Rental, Inc.* v. *Kramer*, 263 Ark. 169, 563 S.W.2d 451 (1978), the supreme court held that a guarantor on an installment note may assert the defense of usury in the obligation guaranteed and that, if the principal obligation is

declared void on the ground of usury, the guaranty is also void: "[i]n other words, if the debt which the guarantor has guaranteed is declared void and a nullity, the guarantee is also void, especially when, as here, the principal obligation and the guaranty thereof are parts of one entire transaction so that there is a matter of fact only one contract." 263 Ark. at 176, 563 S.W.2d at 454.

Appellant inappropriately relies on the following quotation from 38 Am. Jur. 2d *Guaranty* Section 52 (1968) in support of its position:

If the principal obligation is not void (as it is where there is no consideration or mutual assent or where the principal contract is illegal or contrary to law), but is merely unenforceable against the debtor because of some matter of defense which is personal to the debtor, the guarantor may not successfully set up this matter to defeat an action by the creditor or obligee seeking to hold the guarantor liable on the contract of guaranty. Accordingly, the guarantor may not successfully defend an action brought on the contract of guaranty on the basis that the principal obligation was obtained through fraud practiced on the debtor, that the principal obligation was not in writing (and, therefore, did not conform to the require-ments of the statute of frauds), that the principal obliga-tion was subject to the defense of usury (where usury does not have the effect of rendering the obligation invalid), that the creditor was guilty of a breach of warranty, or that the debtor was under a disability, such as coverture, infancy, or incompetency. Again, the guarantor may not success-fully defend the creditor's action on the ground that the guaranteed debt or obligation, being the contract of a corporation, was ultra vires and for this reason is not enforceable by an action against the corporation.

We disagree with appellant, however, that this quo-tation supports its assertion that Woodard should not be relieved of his guaranty obligation. From the language quoted above, it is obvious that, where the principal contract is contrary to law, void or invalid, the guarantor is not liable on the contract of guaranty. In the case at bar, there is no dispute that the principal obligation between appellant and the county is invalid and contrary to

Arkansas law. Further, the supreme court held in *State Use of Prairie County* v. *Leathem & Co.*, 170 Ark. 1004, 282 S.W. 367 (1926), that warrants issued under a contract of the county court for an amount in excess of the available appropriation are absolutely void. *See also Lyons Machinery Co.* v. *Pike County*, 192 Ark. 531, 93 S.W.2d 130 (1936); *American Disinfecting Co.* v. *Franklin County*, 181 Ark. 659, 27 S.W.2d 95 (1930).

Since Arkansas law treats county contracts that are not in compliance with the Arkansas Code sections regarding such transactions as void, 38 Am. Jur. 2d *Guaranty* Section 52, cited above, and relied on by appellant, does not apply. Instead, we find the principles expressed in Section 51 of that source, quoted above, to control. As we stated, a promise of guaranty will not be enforced when the obligation which it secures is invalid or illegal. If this contract, which is admittedly not in compliance with state law and is invalid as to the county, were to be enforced against the county's guarantor, the intention of the legislature in declaring such contracts invalid would be defeated.

We therefore hold that the circuit judge correctly entered summary judgment for appellee Woodard.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.