Danny BURNS *v.* FIRST NATIONAL BANK
of Eastern Arkansas

98-717                                   985 S.W.2d 747

Supreme Court of Arkansas
Opinion delivered February 18, 1999

*W. Frank Morledge, P.A.,* for appellant.

*John D. Bridgforth, P.A.,* for appellee.

DONALD L. CORBIN, Justice. Appellant Danny Burns appeals the St. Francis County Chancery Court's order, finding him in contempt of an order in favor of Appellee First National Bank of Eastern Arkansas. This appeal involves interpretation of Article 7, section 40, of the Arkansas Constitution, and Ark. Code Ann. §§ 18-60-801 to -822 (1987); hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (b)(6). Burns raises two points for reversal. We affirm.

Appellee filed suit in the chancery court, alleging that Appellant had defaulted on three promissory notes secured by pledges of both real and personal property. Appellee sought foreclosure of real property located in St. Francis County and replevin of the personal property pledged as security for the repayment of the notes. Appellee also filed an affidavit for delivery of the subject personal property, which consisted of farming equipment. The chancery court granted judgment for Appellee and ordered Appellant to deliver such property to the St. Francis County Sheriff. When Appellant later failed to deliver the property, Appellee filed a petition for contempt. The chancery court denied this petition, finding that its delivery order had not specified a date for delivery. The chancery court then directed Appellant to deliver the subject property on or by October 27, 1997. Appellant did

not comply; thus, Appellee filed a second petition for contempt. The chancery court granted that petition and entered its contempt order on January 22, 1998, directing Appellant to report to the St. Francis County jail until he complied. It is from this order that Appellant appeals. Our review of a contempt finding is limited to examining the findings of the trial court, and we reverse only if the trial court's decision is against the preponderance of the evidence. *In Re Brown v. Brown*, 305 Ark. 493, 809 S.W.2d 808 (1991).

Appellant first argues that the trial court did not have subject-matter jurisdiction to issue the first order for delivery. Appellant relies on section 18-60-804 and Article 7, section 40, which authorize jurisdiction for actions to recover personal property in circuit court and municipal court. Appellant essentially argues that these provisions mandate exclusive jurisdiction in the circuit court, and that the chancery court acted without subject-matter jurisdiction in granting relief for replevin. Appellant also urges us not to apply the equity clean-up doctrine, which provides "that once a chancery court acquires jurisdiction for one purpose it may decide all other issues." *Pryor v. Hot Spring County Chancery Courts*, 303 Ark. 630, 633, 799 S.W.2d 524, 526 (1990).

We refute Appellant's argument, as this court's decision in *Moore v. Price*, 189 Ark. 117, 70 S.W.2d 563 (1934), directly controls this issue. In *Moore*, the appellant had first filed suit in chancery court, seeking foreclosure of personal property. While that suit was pending, he filed a separate replevin suit for the same property in circuit court. The circuit court granted the appellees' motion to transfer the replevin action to chancery court. The two actions were then consolidated. This court affirmed the transfer and held that the chancery court, which had first acquired jurisdiction through the foreclosure suit, properly exercised jurisdiction over the entire matter. This court stated its rule:

> Circuit courts and chancery courts are of equal dignity; and in cases where there is concurrent jurisdiction, the court that first acquires jurisdiction has the right and jurisdiction to conduct the matter to an end without interference of another court of equal dignity. *Wright v. LeCroy*, 184 Ark. 837, 44 S.W.2d 355 [1931].

*Id.* at 121, 70 S.W.2d at 565. Here, Appellee correctly filed a single complaint in chancery court, seeking foreclosure of the lien on the real property and replevin of the personal property. We therefore conclude that the chancery court properly exercised subject-matter jurisdiction over the entire action.

Appellant next argues that the chancery court erred in directing him to deliver the property, rather than directing the sheriff to seize the property pursuant to section 18-60-811. We summarily affirm on this point, as Appellant did not make this argument below. We do not address arguments made for the first time on appeal. *Jenkins v. Bogard*, 335 Ark. 334,980 S.W.2d 270 (1998). In sum, we hold that the chancery court's finding of contempt is not clearly against the preponderance of the evidence.

Affirmed.