Wally GRUMMER *v.* Ellen CUMMINGS

98-440                                                986 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered February 25, 1999

*Callis L. Childs*, for appellant.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Roy Gene Sanders*, for appellee.

W H. "DUB" ARNOLD, Chief Justice. On October 27, 1994, the appellant, Wally Grummer, was injured during a car wreck with the appellee, Ellen Cummings. Subsequently, Grummer filed a negligence action against Cummings seeking recovery for his damages. During the jury trial on August 5 and 6, 1997, Cummings sought to impeach Grummer's credibility by introducing evidence of inconsistent statements made to the investigating police officer and to treating physicians regarding Grummer's use of a seat belt at the time of the accident. Pursuant to Ark. Code Ann. section 27-37-703, Grummer objected to the introduction of any evidence indicating that he failed to use a seat belt. However, during an in-chambers hearing, the trial court reasoned that Grummer's statements to his doctors for the purpose of treatment were important and, accordingly, denied Grummer's oral motion in limine to exclude any evidence of seat-belt nonuse. The trial court noted that it would permit Cummings to elicit testimony and admit evidence of appellant's conflicting statements solely for the purpose of challenging Grummer's credibility. Following closing arguments, the trial court gave the jury a limiting instruction, based upon the 1993 enactment[1] of section 27-37-703 that was in effect at the time of the accident, as follows:

---

[1] We note that the 1993 enactment of Ark. Code Ann. section 27-37-703 was the only version of the statute raised by the parties and discussed by the trial court, although the statute was subsequently amended in 1995.

> The failure to use a seatbelt shall not be considered under any circumstances as evidence of comparative or contributory negligence or failure to mitigate damages, nor shall such failure be considered in the trial of any civil action with regard to negligence. Any evidence you may have received or has been provided to you regarding the failure to use a seatbelt is to be considered for the purpose of credibility of the witnesses only.

On appeal, Grummer challenges the trial court's (1) denial of his oral motion in limine to exclude all evidence of seat-belt nonuse, and (2) denial of his alleged motion for a mistrial based upon the admission of seat-belt-nonuse evidence and an improper jury instruction. We agree with appellant's first point on appeal and hold that the trial court abused its discretion in admitting evidence of seat-belt nonuse. Accordingly, we reverse and remand.

### Motion in limine

Following the in-chambers conference regarding the admissibility of seat-belt-nonuse evidence, Cummings cross-examined Grummer about his inconsistent statements to the police and his treating physicians. Grummer acknowledged that he told the emergency room personnel that he was an unrestrained driver but that he later told Dr. Clay Lamey, Jr., his chiropractor, that he was wearing a seat belt during the accident. Grummer attributed the discrepancies to a mistake on his part. During Grummer's testimony, his attorney requested that the trial court grant him a "continuing objection" to Cummings's line of questioning. Next, Officer Alfred Hobby, the investigating police officer, testified that Grummer told him that he was not wearing any type of seat restraint. Then, during a videotaped deposition introduced as an exhibit, Dr. Steven Cathey, another of appellant's treating physicians, recalled that Grummer reported wearing a seat belt at the time of the accident.

On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion nor will we reverse absent a showing of prejudice. *Edwards v. Stills*, 335 Ark. 470, 503, 984 S.W.2d 366, 380 (1998) (citing *Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997); *Warhurst v. White*, 310 Ark. 546, 838 S.W.2d 350 (1992); *Misskelley v. State*, 323

Ark. 449, 915 S.W.2d 702, *cert. denied*, 117 S. Ct. 246 (1996)). Moreover, the balancing of probative value against prejudice is a matter left to the sound discretion of the trial judge, and his decision on such a matter will not be reversed absent a manifest abuse of that discretion. *Robinson v. State*, 314 Ark. 243, 861 S.W.2d 548 (1993).

■ Applying the balancing test of Ark. R. Evid. 403, the trial court concluded that evidence of appellant's statements to his physicians for the purpose of treatment were "important," probative, and warranted admission. Additionally, the trial court admonished the jury that the evidence of seat-belt nonuse could be considered *only* for the purpose of evaluating appellant's credibility and not with regard to any issue in the underlying negligence action against the appellee. In support of that position, the appellee cites *Frazier v. State*, 323 Ark. 350, 915 S.W.2d 691 (1996), for the holding that when evidence is admissible for one purpose but not admissible for another, the trial court shall restrict the evidence to its proper scope and instruct the jury accordingly. When the jury is given such a limiting instruction on evidence presented at trial, the instruction may remove the inflammatory effect of the evidence that might not be admissible otherwise. *See Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995).

Here, however, the limiting instruction to the jury could not cure the highly prejudicial effect of the introduction of seat-belt-nonuse evidence in a negligence action. Applying the Rule 403 balancing test, the prejudicial effect of the evidence far outweighed any probative value, particularly when the appellee admits that there was other relevant, admissible evidence regarding the issue of appellant's credibility, specifically, the appellant's alleged inconsistencies about how the accident occurred. Accordingly, we hold that the trial court abused its discretion in admitting any evidence regarding seat-belt nonuse. In light of the foregoing, we decline to reach the merits of appellant's second point on appeal.

Reversed and remanded.

IMBER, J., concurs; GLAZE, J., joins.

Annabelle Clinton Imber, Justice, concurring. I agree with the majority's conclusion that the prejudicial effect of introducing evidence of seat-belt nonuse in this negligence action far outweighed its probative value under the Rule 403 balancing test. However, I believe our holding in this case deserves a brief caveat. In this appeal we were not asked to address, nor do we address, the separation-of-powers doctrine as it may apply to the General Assembly's authority to enact Ark. Code Ann. § 27-37-703 (1997 Supp.), which restricts the admissibility of seat-belt-nonuse evidence in civil actions. That issue remains for another day.

Glaze, J., joins this concurrence.