Joshua SUTTER *v.* Mary Lou Sutter PAYNE
and Cora Sue Sutter West

98-1023                                         989 S.W.2d 887

Supreme Court of Arkansas
Opinion delivered April 22, 1999

*James F. Lane, P.A.*, for appellant.

*Comer Boyett, Jr.*, for appellee.

A NNABELLE CLINTON IMBER, Justice. This case involves a novel issue of civil procedure regarding the common-defense doctrine. The trial court ruled that the appellant, Joshua Sutter, could not benefit from the answer timely filed by his co-defendant, Luther O'Neal Sutter,[1] because Luther voluntarily withdrew his pleadings. We reverse and remand.

Luther S. Sutter died testate leaving the appellees, Mary Lou Sutter Payne and Cora Sue Sutter West, as the co-executors of his estate. On December 26, 1996, Ms. Payne and Ms. West filed a declaratory-judgment action asking the court to determine the validity of an *inter vivos* trust created during the decedent's lifetime. The defendants listed on the complaint were William How-

---

[1] This name appears a variety of ways in the pleadings: Luther O'Neal, II; Luther O'Neal Sutter; L. Oneal Sutter, II. We will refer to him as "Luther Sutter" in the remainder of this opinion.

ard Payne, Joshua Sutter, De' Shawn Robinson, Luther Sutter, and Clayla Hicks.

On January 16, 1997, separate defendant Luther Sutter filed a *pro se* motion to dismiss and a motion to make more definite and certain. In this pleading, Luther Sutter alleged, among other things, that the petition for declaratory judgment should be dismissed because the court did not have jurisdiction, venue was improper, and the plaintiffs failed to state a claim upon which relief could be granted. Five days later, separate defendant Clayla Hicks filed an answer, which included a general denial of each and every material allegation set forth in the petition. The remaining co-defendants did not answer the petition.

On June 20, 1997, Ms. Payne and Ms. West filed an amended petition for declaratory judgment. Luther Sutter responded by filing an answer on June 26, 1997. In addition to several substantive defenses, Luther Sutter's answer included a general denial of each and every material allegation set forth in the petition for declaratory judgment. Neither Clayla Hicks nor the remaining co-defendants filed an answer to the amended petition. Sometime thereafter, Luther Sutter allegedly settled his claim against Ms. Payne and Ms. West for $20,000.

On December 22, 1997, separate defendant Joshua Sutter, a Georgia resident, filed an answer to the original and amended petitions for declaratory judgment. Several days later, on December 27, Luther Sutter filed a motion to withdraw his answer and all other pleadings filed on his behalf. The court granted the motion on the same day.

On January 27, 1998, Clayla Hicks filed a motion to strike Joshua Sutter's answer as untimely. In her motion, Clayla Hicks asserted that Joshua was served with the petition on January 4, 1997, and the amended petition on June 23, 1997, but he did not answer either petition until December 22, 1997, which was well beyond the thirty-day limitation for out-of-state residents found in Ark. R. Civ. P. 12. In his response to the motion to strike, Joshua asserted the common-defense doctrine by claiming that he could benefit from Luther Sutter's timely filed responses.

After a hearing, the trial court ruled on May 13, 1998, that Joshua Sutter could not benefit from Luther Sutter's timely filed responses because they had been withdrawn. Accordingly, the court struck Joshua Sutter's answer as untimely. On the same day, the court entered a ruling on the amended petition for declaratory judgment. The court determined that the *inter vivos* trust was valid and then distributed the real property held by the trust to Ms. Payne, Ms. West, William Payne, and Clayla Hicks. Notably, the remaining three defendants, Luther Sutter, Joshua Sutter, and De' Shawn Robinson, were not awarded any interest in the real property by virtue of the trust.

On appeal, Joshua Sutter contends that the trial court erred when it struck his answer as untimely because the timely answers of his co-defendants, Luther Sutter and Clayla Hicks, inured to his benefit under the common-defense doctrine. We agree in part.

### I. *Clayla Hicks's Answer*

■ ■ At the outset, we recognize that in his arguments lodged before the trial court, Joshua Sutter solely relied upon the pleadings filed by Luther Sutter. Significantly, Joshua did not rely upon, as he does on appeal, the answer filed by Clayla Hicks. As we have said on numerous occasions, we will not consider an issue raised for the first time on appeal. *Burns v. First Nat'l Bank*, 336 Ark. 406, 985 S.W.2d 747 (1999); *Evans v. Harry Robinson Pontiac-Buick, Inc.*, 336 Ark. 155, 983 S.W.2d 946 (1999). In response, Joshua claims that this holding applies only when the appellant raises new legal issues on appeal, and not, as in this case, where the legal argument is the same but is based upon different facts. Joshua, however, fails to cite a single authority in support of this distinction. Furthermore, in *Evans,* we said that we would not consider "issues" for the first time on appeal, which could mean either factual or legal issues. *Evans, supra.* Accordingly, we cannot consider for the first time on appeal whether Joshua Sutter can assert the common-defense doctrine based upon Clayla Hicks's answer.

## II. Luther Sutter's Responses

Pursuant to Ark. R. Civ. P. 12(a) a "non-resident of the state" has thirty days after service of the summons and complaint to file an answer. It is undisputed that Joshua Sutter, a Georgia resident, filed his answer well beyond this time period. In reply, Joshua Sutter contends that he can benefit from Luther Sutter's timely filed response under the common-defense doctrine. We agree.

Arkansas has long recognized the common-defense doctrine, which provides that an answer that is timely filed by a co-defendant inures to the benefit of a defaulting co-defendant. *Richardson v. Rodgers*, 334 Ark. 606, 976 S.W.2d 941 (1998); *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991); *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 561 S.W.2d 280 (1978). The test for determining whether the common-defense doctrine applies is whether the answer of the nondefaulting defendant states a defense that is common to both defendants, because then "a successful plea . . . operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Richardson, supra; Southland Mobile Home Corp., supra*. In this respect, we have held that a general denial of "each and every material allegation contained in the complaint" is the assertion of a common defense. *See Southland Mobile Home Corp., supra*. Likewise, we have held that a defense on the merits that equally applies to the other defendant is the assertion of a common defense. *See Richardson, supra* (containing a general denial of all material allegations in the complaint, and an assertion that the plaintiffs suffered no damages). Finally, in *Richardson*, we recently held that a defaulting defendant does not have to demonstrate the criteria listed in Ark. R. Civ. P. 55(c) for setting aside a default judgment if the defaulting defendant was entitled to the benefit of a timely filed answer under the common-defense doctrine. *Id*.

In the case before us today, Joshua Sutter does not clarify whether he is relying upon Luther Sutter's January 16, 1997 motion to dismiss, or his June 26, 1997 answer to the amended petition. Both pleadings, however, include defenses such as the

lack of jurisdiction, failure to state a claim, and other defenses that are equally applicable to both co-defendants and are not peculiar to Luther Sutter. Furthermore, Luther Sutter included in his answer a general denial of each and every material allegation contained in the original and amended petition. Hence, it appears that the common-defense doctrine applies, and thus Joshua Sutter can benefit from Luther Sutter's timely filed answer.

This case, however, raises the novel issue of whether Joshua Sutter can continue to rely upon Luther Sutter's timely filed responses after they have been voluntarily withdrawn. Although we have never dealt with this precise issue, we have held in several cases that the common-defense doctrine applies even if the defaulting defendant makes his or her first appearance *after* the answering defendant is no longer in the case because the plaintiff has nonsuited or dismissed its complaint against the answering defendant. *See, e.g., Richardson, supra; Schueck Steel, Inc. v. McCarthy Bros. Co.*, 289 Ark. 436, 717 S.W.2d 816 (1986) (supplemental opinion granting rehearing); *Rogers v. Watkins*, 258 Ark. 394, 525 S.W.2d 665 (1975).

In *Schueck Steel*, for example, Schueck Steel filed a complaint against Missouri Pacific Railroad Company and McCarthy Brothers Company. *Schueck Steel, Inc., supra.* Missouri Pacific timely filed an answer that included a general denial of the material allegations of the complaint. *Id.* In contrast, McCarthy Brothers failed to answer the complaint. Schueck Steel nonsuited its complaint against Missouri Pacific and then obtained a $91,000 default judgment against McCarthy Brothers. *Id.* In a supplemental opinion, we held that pursuant to the common-defense doctrine Missouri Pacific's timely filed answer inured to the benefit of McCarthy Brothers even after the plaintiff had voluntarily nonsuited its claim against Missouri Pacific. *Id.* In particular, we said that the answer of the common defendant, Missouri Pacific, was not "erased" by the later dismissal. *Id.*

Relying upon our holding in *Schueck Steel, Inc., supra*, the Court of Appeals held in *National Sec. Fire & Cas. v. Barnes*, 65 Ark. App. 13, 984 S.W.2d 80 (1999), that even when an answering defendant is no longer in the case at the time a default judg-

ment is requested, its answer continues to inure to the benefit of the party against whom the default judgment is sought. In reaching this conclusion, the Court of Appeals declared that:

> Once an answer inures to a defendant's benefit, it would be illogical to retract that benefit upon dismissal of the answering defendant. If such a retraction were allowed, plaintiffs could subvert the rule by nonsuiting or settling with an answering defendant.

*Id.*

■ From these cases, it is clear that the common-defense doctrine applies even if the defaulting defendant makes his or her first appearance *after* the answering defendant is no longer in the case. In other words, a defaulting defendant can rely upon the answer of a co-defendant who is no longer in the case, and the subsequent dismissal does not "erase" the answer. This holding is consistent with the well-settled precedent that default judgments are not favorites of the law and should be avoided when possible. *See Southeast Foods, Inc. v. Keener,* 335 Ark. 209, 979 S.W.2d 885 (1998); *B&F Eng'g, Inc. v. Cotroneo,* 309 Ark. 175, 830 S.W.2d 835 (1992).

Granted, the case before us today is somewhat different from the above-cited authorities because Luther Sutter, the answering defendant, withdrew his answer instead of the plaintiffs nonsuiting or dismissing their claims against him. In support of this distinction, Luther Sutter cites several cases that he claims stand for the proposition that a defendant cannot rely upon an answer that has been withdrawn. *See Tri-State Transit Co., Inc. v. Miller,* 188 Ark. 149, 65 S.W.2d 9 (1933); *Little Rock & Ft. Smith Ry. Co. v. Clark,* 58 Ark. 490, 25 S.W. 504 (1894). In these cases, however, we merely held that a withdrawn answer could not be introduced at trial as a party admission. We did not render any holding as to whether a withdrawn answer could inure to the benefit of a defaulting defendant under the common-defense doctrine. *Tri-State Transit Co., Inc., supra; Little Rock & Ft. Smith Ry. Co., supra.*

Likewise, the cases Luther Sutter cites from other jurisdictions are inapposite because they do not deal with the common-defense doctrine. *See Blazina v. Blazina,* 356 N.E.2d 164 (Ill.

App. 1976); *Mathis v. Clary*, 231 N.E.2d 157 (Ind. App. 1967); *Heeter v. Fleming*, 67 N.E.2d 317 (Ind. App. 1946); *Conduitt v. Trenton Gas & Elec. Co.*, 31 S.W.2d 21 (Mo. 1930); *Bongardt v. Frink*, 143 S.E.2d 286 (N.C. 1965).

■ Finally, as to withdrawn pleadings, 61A AM. JUR. 2d, *Pleadings*, § 354 (1981), provides that:

> While an answer is subject to withdrawal, the fact that it has been once filed, and that it may have been held insufficient on a demurrer, remains a matter of record, and is within the judicial notice of the court, acting on a motion in reference to the same pleading. The withdrawal does not eradicate the fact that the litigant did file the pleading, assuming, of course, that it was filed by him or under his authority. In some cases, however, it is held that an answer, after it is withdrawn, ceases to be part of the record. This is true where an answer is filed for a particular purpose and contains an admission merely to serve that purpose.

Thus, we find no support for Luther Sutter's contention that a defendant may never rely upon a withdrawn answer.

■ In light of our displeasure with default judgments and our holdings in *Richardson*, *Schueck Steel, Inc.*, and *McCarthy Bros., Co.*, we question whether a party may defeat the common-defense doctrine by voluntarily withdrawing his or her answer at any point in the litigation. We, however, do not decide that issue today because it is clear that Joshua Sutter answered the petition on December 22, 1997, which was several days *before* Luther Sutter withdrew his answer. Because Luther Sutter's answer was still viable at the time that Joshua Sutter answered the petition, we hold that the trial court erred when it ruled that the common-defense doctrine did not apply in this case. Accordingly, we reverse the trial court's order striking Joshua Sutter's answer, and its order of declaratory judgment, and remand for further proceedings consistent with this opinion.

Reversed and remanded.