Raymond E. ALLEN, Winner's Circle,
and Bob Eubanks *v.* Angela D. GREENLAND,
Donald Greenland, Donna Hutchinson,
Kathy Peery, and Bill Peery

01–447                                                65 S.W.3d 424

Supreme Court of Arkansas
Opinion delivered January 31, 2002
[Petition for rehearing denied February 21, 2002.]

*David Hodges*, for appellants.

*Jewell, Moser, Fletcher & Holleman, a Professional Association*, by: *John T. Holleman, IV*, and *Paul Pfeifer*, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. Appellants, Raymond E. Allen, Winner's Circle, and Bob Eubanks, bring this interlocutory appeal challenging the Faulkner County Circuit Court's order granting appellees Donna Hutchinson, Eric

Hutchinson, Kathy Peery, and Bill Peery's motion to strike, second motion for sanctions against Bob Eubanks, and appellees Angela D. Greenland and Donald Greenland's motion to strike amendment to answer. We affirm in part and reverse and remand in part. We affirm appellee Greenland's motion to strike amendment to answer. However, we reverse and remand the trial court's order granting the motion to strike and second motion for sanctions against Bob Eubanks.

■ We are first faced with the question of whether appellants can appeal to this court. Appellees argue in their motion to strike for frivolous appeal that the appeal should be (1) dismissed because the circuit court's order was not final for purposes of appeal, or (2) affirmed because the order was within the trial court's discretion. Appellees contend this appeal is in direct violation of Rule 54(b) of the Arkansas Rules of Civil Procedure, stating appellant is attempting to appeal an order of discovery sanctions issued by the trial court which involves multiple claims or parties which is not final and, therefore, not appealable, unless it disposes of all the parties and all of the claims. However, this court does possess jurisdiction to hear this appeal because the trial court's order strikes out an answer and an amended answer. Arkansas Rule of Appellate Procedure—Civil 2(a)4 directly asserts an appeal may be taken from a circuit court to the Arkansas Supreme Court from "an Order which strikes out an answer, or any part of an answer, or any pleading in an action." Ark. R. App. P.—Civ. 2(a)4. This Court has held that Arkansas Rule of Appellate Procedure—Civil 2(a)4 controls over Rule 54(b) of the Arkansas Rules of Civil Procedure. *Arnold Fireworks Display v. Schmidt*, 301 Ark. 316, 820 S.W.2d 444 (1991). In *Arnold*, we held that a trial court's order striking defendant's answers and amended answers is not a final judgment, but Ark. R. App. P.—Civ. 2(a)4 expressly provides for an appeal to the Arkansas Supreme Court. *Id.* at 319. We hold that Ark. R. App. P.—Civ. 2(a)4 expressly provides for this appeal because appellant's answer and amendment to an answer was stricken.

Turning to the facts from which this appeal stems, on June 28, 1999, Raymond Allen was driving northbound in a one-ton, dual-wheeled, Chevrolet pickup owned by Winner's Circle and Bob Eubanks, individually. Allen's vehicle rear-ended Robert Brookshire, who was driving at a slow rate of speed on the shoulder of the road, absent brake or hazard lights. After this collision with Brookshire, Allen lost control of his vehicle and crossed to the southbound lane, hitting Donna Hutchinson, the driver of a 1999 GMC

Suburban. Hutchinson had a number of passengers in the Suburban, including Kathy Peery and Angela Greenland.

Two lawsuits were filed against separate defendant Robert Brookshire and appellants Raymond Allen, Winner's Circle, and Bob Eubanks. Appellees Donna and Eric Hutchinson and Kathy and Bill Peery filed their complaint and attached the first set of interrogatories and requests for production on October 5, 1999, against Brookshire and appellants. The appellees in the second lawsuit, Angela and Donald Greenland, filed their first complaint on December 3, 1999, against the same parties.

On November 8, 1999, Brookshire filed a timely answer to the Hutchinson and Peery complaint. On November 12, 1999, Winner's Circle and Eubanks filed an untimely *pro se* answer to the complaint, with a certificate of service signed by Bob Eubanks and addressed to plaintiffs' attorney, denying effectively each and every allegation claimed, including the allegation of negligence against Allen. However, appellees argue this answer was never sent to any of the parties until June 21, 2000. Allen did not file an answer to the Hutchinson and Peery complaint, stating that once he had received the documents, he gave them to Eubanks, who assured Allen he would provide an attorney for him. Allen stated in depositions that he had a learning disability and did not understand the papers served on him.

Appellees Hutchinson and Peery filed an amended complaint on January 20, 2000, adding State Farm Mutual Automobile Insurance Company (hereinafter State Farm), Hutchinson's insurance carrier, as a separate defendant. State Farm filed a timely answer and interrogatories and requests for production of documents on February 8, 2000. State Farm's answer denied each and every material allegation for all defendants set forth in the plaintiffs' first amended and substituted complaint. Greenland also filed an amended complaint on February 8, 2000, which also added State Farm as a separate defendant, who again filed a timely answer denying negligence on the part of all defendants, as well as interrogatories and requests for production of documents on March 3, 2000. As well as denying each and every material allegation in both complaints, State Farm also denied that Allen's vehicle rear-ended Brookshire's. State Farm further denied that Allen lost control of his vehicle and crossed the center lane hitting plaintiffs head on and denied plaintiffs suffered injuries as a result of the negligence of the defendants. State Farm denied negligence on the part of Brookshire, Allen, Winner's Circle, and Eubanks.

A motion to consolidate the Hutchinson and Peery complaint and the Greenland complaint was filed by Brookshire. In support of its motion, Brookshire cited Rule 42 of the Arkansas Rules of Civil Procedure, which permits the consolidation of actions involving a common question of law or fact pending before the same court. On February 23, 2000, the two cases were consolidated.

On May 19, 2000, appellees Hutchinson and Peery filed a motion to compel answers to the first set of interrogatories stating appellants never answered their initial complaint nor any discovery. Appellants responded to the motion to compel on June 1, 2000, stating that Hodges, attorney for appellants, had recently entered an appearance in the case, and should have additional time to answer the discovery since previous pleadings were filed *pro se.* Appellants requested a hearing on this matter and objected to attorney's fees and all other sanctions.

On June 6, 2000, Hutchinson and Peery filed a motion to strike defendants' answer as untimely, alleging that Allen, Winner's Circle, and Eubanks failed to answer the complaint or the amended complaint until May 30, 2000. However, although they argued that the answer was untimely, appellees failed to allege any prejudice to their case due to the amount of time it allegedly took the defendants to answer. Appellants argued Brookshire and State Farm filed a timely answer to the complaint, which was not challenged by Hutchinson and Peery's motion to strike. The Brookshire answer denied the complaint generally as to himself, as well as the liability of Winner's Circle and Eubanks, but was inconsistent as to the liability of Allen. However, State Farm's timely answer denied each and every allegation in the complaint as to all defendants.

Eubanks filed his responses to interrogatories on July 21, 2000, which included a financial statement prepared by Bob Eubanks dated November 8, 1998, indicating he had a negative net worth of -$155,013. Eubanks stated in these interrogatories that he had prepared this personal financial statement in order to obtain a loan from Regions Bank in Harrison, Arkansas. Hutchinson and Peery issued a subpoena *duces tecum* on August 4, 2000, to Regions Bank to verify Eubanks' interrogatory responses regarding his financial statement. The personal assistant to the president of Regions Bank indicated to appellees that there was no November 8, 1998 financial statement, but a previous financial statement, dated June 22, 1998, stated that Eubanks had a net worth of $2.5 million.

On August 14, 2000, Hutchinson and Peery filed a second motion for sanctions, stating responses to interrogatories submitted by Eubanks were fraudulent concerning Eubanks's financial statement. Hutchinson and Peery attached an affidavit with the motion stating they incurred $3,300.00 in costs in bringing such motion and that a monetary sanction in that amount should immediately be awarded. Eubanks responded to such motion for sanctions on August 21, 2000, denying he submitted any false information in responding to discovery and requested a hearing on the matter.

Allen, Winner's Circle, and Eubanks filed an amendment to answer in order to amend all previous pleadings to assert that Greenland did not have a seatbelt attached and that this proximately caused her injuries and damages. Therefore, they contended that Greenland was guilty of contributory negligence and pled the defense of comparative negligence on the part of Greenland. Greenland filed a motion to strike amendment to answer based on the untimeliness of when it was filed. Greenland contended appellants had months to raise such defense and failed to do so until only two weeks before the trial date. Greenland, who was a passenger in the backseat of the Hutchinson vehicle, also relied on Ark. Code Ann. § 27-37-702, which provides that every driver and front-seat passenger in a motor vehicle operated on a street or highway shall wear a properly adjusted and fastened seatbelt. Ark. Code Ann. § 27-37-702 (Repl. 1994). In appellant's response, counsel requested a hearing on the motion to strike amended answers.

On February 28, 2001, Allen, Winner's Circle, and Eubanks wrote the trial court a letter requesting a hearing on the outstanding motions. Hutchinson and Peery replied stating a hearing would not need to be held to take up such items. In a letter dated March 16, 2001, the trial court stated it had reviewed the case file with all pending motions and briefs in support of said motions and compiled a "laundry list" of such motions with corresponding decisions to grant or deny. Hutchinson and Peery's counsel prepared the order which was filed on April 9, 2001. On April 11, 2001, appellants filed an objection of entry of order and renewal of request for hearing on pending motions. The notice of appeal and designation of record was filed on April 16, 2001, by appellants.

*Motion to Strike Answer*

The first issue we address on the merits of the case is whether the State Farm answer inures to the benefit of all the appellants. We

agree that Brookshire's answer does not inure to the benefit of Allen due to the inconsistency of his answer regarding negligence. However, State Farm's answer does deny negligence on the part of all defendants and presents a common defense; therefore, we hold that it does inure to appellant's benefit. Therefore, we reverse and remand the trial court's order granting Hutchinson's and Peery's motion to strike.

▆▆ Arkansas has long recognized the common–defense doctrine, which provides that an answer that is timely filed by a codefendant inures to the benefit of a defaulting codefendant. *Sutter v. Payne*, 337 Ark. 330, 989 S.W.2d 887 (1999); *Richardson v. Rodgers*, 334 Ark. 606, 976 S.W.2d 941 (1998); *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991); *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 561 S.W.2d 280 (1978). The test for determining if an answer will inure to a codefendant's benefit is whether the answer of the nondefaulting defendant states a defense that is common to both defendants, because then "a successful plea . . . operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Sutter, supra; Richardson, supra; Southland Mobile Home Corp., supra.*

In *Sutter*, Luther S. Sutter died testate leaving appellees, Mary Lou Sutter Payne and Cora Sutter West, as the co–executors of his estate, who, in turn, filed a declaratory judgment action on December 26, 1996, naming certain defendants including William Howard Payne, Joshua Sutter, De'Shawn Robinson, Luther Sutter, and Clayla Hicks. Luther Sutter filed a *pro se* motion to dismiss based on the trial court not having jurisdiction, venue being improper, and plaintiffs failing to state a claim upon which relief could be granted. Luther also filed an answer which included a general denial of each and every material allegation set forth in the petition for declaratory judgment. Sometime thereafter, Luther settled his claim, and on December 27, 1997, filed a motion to withdraw his answer and all other pleadings filed on his behalf. Joshua Sutter filed an answer to the original and amended petition on December 22, 1997. On January 27, 1998, Clayla Hicks filed a motion to strike Joshua Sutter's answer as untimely. She stated Joshua was served with the petition on January 4, 1997, and the amended petition on June 23, 1997; thus, the December 22, 1997, answer was untimely. Joshua asserted the common–defense doctrine by claiming that he could benefit from Luther Sutter's timely-filed response. The trial court found Joshua Sutter could not benefit from Luther Sutter's timely-

filed responses because they had been withdrawn. We reversed the case.

This court held that it appeared that the common-defense doctrine did apply to the Sutter case. This court found that Luther's answer did inure to the benefit of Joshua because Luther's answer contained a general denial of all material allegations in the petition even though Luther had withdrawn from the petition.

In the case before us today, there is no dispute that appellants did not comply with the Arkansas Rules of Civil Procedure. "A defendant shall file his answer within twenty (20) days after the service of summons and complaint upon him. . . ." Ark. R. Civ. P. 12(a). It is clear from the facts before us that Allen did not file an answer at all and that Winner's Circle and Eubanks filed a *pro se* answer that was nine days late and filed other answers which were also untimely.

However, State Farm's answer clearly inures to the benefit of appellants because State Farm states a defense that goes to the merits of the whole case and answers allegations directed at and common to all defendants. The State Farm answer denied each and every allegation of the appellees' complaint. State Farm also denied that Allen's vehicle rear-ended Brookshire's; denied Allen lost control of his vehicle and crossed the center lane hitting plaintiffs head-on; denied plaintiffs suffered injuries as a result of the negligence of the defendants; and denied negligence on the part of Brookshire, Allen, Winner's Circle, and Eubanks. Allen, Winner's Circle, and Eubanks raised this issue to the trial court in their response to plaintiff's motion to strike defendants' answer. Appellants stated the "answers filed by the other defendants, in this case, which were timely filed inure to the benefit of Raymond E. Allen, Winner's Circle and Bob Eubanks, individually, because they all contain similar allegations. Thus, the answers of co-defendants inure to the benefit of these respondents." Furthermore, Allen, Winner's Circle, and Eubanks stated "[n]ot only did Bob Eubanks file an answer, early on in the litigation, but other defendants, as well, filed timely answers, all of which inured to the benefit of Bob Eubanks and Raymond Allen" in appellant's amendment to memorandum brief in support of response to motion to strike answers.

This case is more obvious than Sutter. Here, State Farm filed an answer to the complaint and is a current defendant in the case. State Farm presents to the court a common defense for all defendants and stands ready to defend such suit. In Sutter, Joshua

Sutter was relying on Luther's answer, who had been dismissed from the case. In the instant case, it is clear that State Farm's answer should inure to the benefit of all defendants including Allen, Winner's Circle, and Eubanks. Therefore we reverse and remand the trial court's order granting appellees Hutchinson and Peery's motion to strike.

## Second Motion for Sanctions
### against Bob Eubanks

Another issue we address in this appeal is the trial court's order granting appellees Hutchinson's and Peery's second motion for sanctions against Bob Eubanks, individually. This motion claimed that Eubanks committed perjury and fraud in his interrogatory responses and sought costs of bringing said motion in the amount of $3,300.00, the amount filed through an affidavit related to their time spent in having to file the motion. We reverse and remand the trial court's order granting appellees' second motion for sanctions and the granting of $3,300.00 monetary sanctions.

Eubanks filed his responses to interrogatories on July 21, 2000, and attached various exhibits, which included a personal financial statement dated November 8, 1998, which showed a total net worth of -$155,013. Upon receipt of Eubanks's responses, appellees filed a notice of deposition and subpoena *duces tecum* to the president of Regions Bank. Regions submitted a financial statement to Hutchinson and Peery stating a net worth of $2.5 million for Eubanks, but this financial statement was dated June 22, 1998. Regions Bank stated this was the most current personal financial statement for Eubanks it had on record.

Hutchinson and Peery argue Eubanks committed perjury and fraud in his interrogatory responses, because the financial statement submitted by Eubanks and the financial statement submitted by Regions Bank stated extremely differing amounts. They argued in their second motion for sanctions that the financial statement submitted by Regions was a true and correct financial statement and that the one submitted by Eubanks in response to interrogatories was fraudulent.

Eubanks contends there is absolutely no evidence that the discrepancy in his net worth on the two statements is caused by anything more than the two different time periods the statements address. Similarly, there was no evidence introduced in the trial

court demonstrating whether or not Eubanks provided the November statement to Regions. Likewise, there was no evidence clarifying the inconsistencies of the two financial statements. There is simply no evidence that one statement is true and correct and the other fraudulent. In response to the second motion for sanctions, Eubanks requested a hearing on the matter to determine such discrepancies, but no such hearing was held. Furthermore, the order issued by the trial court did not state reasons for granting the motion but, rather, generally granted the second motion for sanctions.

■■ We have long held that the trial court has wide discretion in matters pertaining to discovery and that a trial court's decision will not be reversed absent an abuse of discretion. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001); *Parker v. Southern Farm Bureau Cas. Ins.*, 326 Ark. 1073, 935 S.W.2d 556 (1996); *Stein v. Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992). We have found an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. *Dodson, supra; Rickett v. Hayes*, 251 Ark. 395, 473 S.W.2d 446 (1971). Likewise, Arkansas Rule of Civil Procedure 37(a)(4)(A) states, "If the motion is granted, or if the requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party of deponent, whose conduct necessitated the motion or the party or attorney advising such conduct or both of them, to pay the moving party the reasonable expenses incurred in making the motion unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the discovery without court action. . . ." Ark. R. Civ. P. 37(a)(4)(A). This court has upheld sanctions when a party has failed to timely respond to a discovery request and when the order contained notice of the possible imposition of sanctions for failure to comply. *Viking Insurance Co. v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992).

■ In this case, the trial court granted appellee's second motion for sanctions against Eubanks and granted monetary sanctions of $3,300.00, the cost of bringing such motion. We reverse and remand because, under these circumstances, it was an abuse of discretion not to hold a hearing on this matter as appellants had requested.

Eubanks requested a hearing on the basis that it was impossible to determine which financial statement was fraudulent. This is not to say that a hearing need be held in all cases where discovery

sanctions are ordered. Nevertheless, in this case, other than the "laundry list" order, there was no order entered requiring Eubanks to answer the interrogatories. Eubanks was unaware that the trial judge was considering sanctions without having conducted a hearing. Accordingly, there is no proof in the case that is supportive for the trial court to decide which financial statement was correct. The order issued by the trial court simply stated "Plaintiffs' Second Motion for Sanctions against defendant Bob Eubanks is granted and monetary sanctions are entered in the amount of $3,300.00." We hold that some opportunity should have been afforded Mr. Eubanks to explain the difference between the two conflicting financial statements. The simple fact that there were two different amounts and two different dates is not per se fraud on the part of Eubanks. Consequently, a hearing should have been held under these particular facts and circumstances to determine the validity of the financial statements.

### Motion to Strike Amended Answer

Finally, appellants argue the trial court erred when it granted appellee Greenland's motion to strike amended answer. We find this argument without merit and, therefore, affirm the trial court's order regarding this point. Allen, Winner's Circle, and Eubanks amended their previous pleadings on July 5, 2000, to assert appellee Angela Greenland, at the time of the incident, failed to have her seatbelt fastened and that this was the proximate cause of her injuries and damages. Appellants pled the defense of contributory negligence and proximate cause. Appellee Greenland filed a motion to strike amendment to answer arguing the amendment was not timely filed and citing Ark. Code Ann. § 27-37-702 (Repl. 1994), which provides that every driver and front seat passenger must wear a seatbelt. Greenland was a passenger in the back seat of the Hutchinson vehicle and thrown to the front seat where she sustained injuries. The trial court granted appellee Greenland's motion.

We affirm the trial court on this point. The facts indicate Greenland was a passenger in the back seat of the vehicle, not the front seat. Ark. Code Ann. § 27-37-703(a)(1) states that "the failure of an occupant to wear a properly adjusted and fastened seatbelt shall not be admissible into evidence in a civil action." We have upheld this statute stating that the prejudicial effect of evidence of not wearing a seatbelt at time of accident outweighed any probative value of the evidence. *Grummer v. Cummings*, 336 Ark. 447, 986

S.W.2d 91 (1999). Therefore, we affirm the order of the trial court granting the motion to strike amended answer.

For the reasons set forth, while affirming the trial court's ruling on appellee Greenland's motion to strike amended answer, we reverse and remand the trial court's order granting appellees Hutchinson and Peery's motion to strike and second motion for sanctions against defendant Bob Eubanks with monetary sanctions in the amount of $3,300.00.

Affirmed in part; reversed and remanded in part.

IMBER, J., not participating.