CITY OF CORNING, Arkansas *v.* Bob COCHRAN, Tina Woods, Harry W. Hudson

02-139                                                    84 S.W.3d 439

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Branch, Thompson, Philhours, Warmath & Hitt*, by: Robert F. Thompson, for appellant.

*Richard Whiffen, P.C.*, for appellees.

A NNABELLE CLINTON IMBER, Justice. This case concerns whether a mayor and city clerk can purchase prior-year retirement credits in the Arkansas Public Employee Retirement System (APERS) without specific approval from the city council. We do not reach the merits of this case because the appeal is not from a final, appealable order as required by Ark. R. App. P.—Civ. 2(a) (2002) and Ark. R. Civ. P. 54(b) (2002). We therefore dismiss this appeal for lack of finality.

Because we do not address the merits of this case, we only recite the facts as they pertain to the issue of finality. In the November 1998 elections, incumbent Corning Mayor Bob Cochran and Corning City Clerk, Treasurer, and Recorder Tina Woods were defeated. On December 18, 1998, Cochran and Woods purchased prior-year retirement credits in APERS for Woods and for retiring City Road Superintendent Harry W. Hudson.

The City of Corning filed suit against Cochran, Woods, Hudson, and APERS seeking to recover the expenditures for prior-year retirement credits. The pleadings sought a declaratory judgment to the effect that the expenditures were without authority and in violation of state statutes and city ordinance, and to declare the defendants liable to the City for the money expended, interest, and attorney's fees. The City also claimed the tort of

conversion jointly and severally against the defendants, and the City sought the imposition of a constructive trust against APERS. Hudson counterclaimed seeking a judgment declaring that he was entitled to retirement credits for his full twenty-nine and one-half years of service, rather than the seven years of retirement credits purchased for him by Cochran and Woods.

APERS filed a motion to dismiss on grounds of sovereign immunity and improper venue. Shortly thereafter, the circuit court granted a motion for voluntary nonsuit filed by the City and dismissed APERS without prejudice. Following a bench trial, on September 6, 2001, the circuit court issued an order ruling, in part, that Cochran and Woods were without authority to purchase retirement credits for Hudson and ordering APERS to refund $17,030.83 plus accrued interest to the City of Corning. The circuit court did not rule on Hudson's counterclaim.

██ ██ Even though the question of a final order was not raised by the parties, a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, and we must raise the issue on our own. *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998). Under Rule 54(b), an order is not final for purposes of appeal when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Eason v. Flannigan*, 349 Ark. 1, 75 S.W.3d 702 (2002); Ark. R. Civ. P. 54(b) (2002). The policy behind Rule 54(b) is to avoid piecemeal appeals. *Hambay v. Williams, supra.*

██ The order entered by the circuit court failed to address Mr. Hudson's counterclaim. We have held that where the trial court did not rule on a counterclaim, it was not a final order. *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998); *Jordan v. Thomas*, 332 Ark. 268, 964 S.W.2d 399 (1998); *Maroney v. City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994); *Williamson v. Misemer*, 316 Ark. 192, 871 S.W.2d 396 (1994); *Carmical v. City of Beebe*, 302 Ark. 339, 789 S.W.2d 453 (1990). Accordingly, we could dismiss this appeal on the failure to address the counterclaim alone. However, the circuit court's order lacked finality in other respects as well.

■ To be final and appealable, "[t]he order must put the judge's directive into execution, ending the litigation, or a separable branch of it." *Payne v. State*, 333 Ark. 154, 158, 968 S.W.2d 59, 61 (1998); *Tucker v. Lake View School Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996); *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978). In the instant case, APERS was dismissed from the lawsuit, thereby making it a non-party. Yet, the circuit court order imposed judgment against APERS. Because APERS is a non-party, the circuit court's directive cannot be put into execution. As such, the circuit court's order is not a final, appealable order.

■ Finally, we note that the circuit court did not specifically rule on the City's claim of conversion. Therefore, there appears to be no final adjudication of the conversion claim. For the reasons stated above, the circuit court's order was not a final, appealable order, and the appeal must be dismissed.

Appeal dismissed.