John DODGE, Jim Bolt, Dr. Tim Brooker, Francis J. Hart,
Duane Neal, Ret Miles, Gary W. France, Jerry C. Beaver,
Jimmy Charles Bilby III, Joe Savage, and Leo Lynch, *v.*
Andy LEE and Nelson Erdmann

02-521 88 S.W.3d 843

Supreme Court of Arkansas
Opinion delivered November 7, 2002

*Clark & Spence*, by: *George R. Spence*; and *John Dodge,* for appellants.

*Jim Rose, III*, for appellees.

DONALD L. CORBIN, Justice. This appeal was certified to us from the Arkansas Court of Appeals as presenting issues of statutory interpretation. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(6). This case arose from a defamation and libel suit filed in the Benton County Circuit Court by Appellees Andy Lee and Nelson Erdmann. The complaint was filed on November 21, 2000, and named as defendants John Dodge, Jim Bolt, Dr. Tim Brooker, Francis J. Hart, Dianne Saladino, Sam Yates, Duane Neal, Ret Miles, James Deichman, Royce Nease, Gary W. France, Jerry C. Beaver, Jimmy Charles Bilby III, Ron Osbourn, Joe Savage, Leo Lynch, and KOFC Radio.[1] The complaint alleged that Appellants Dodge, Bolt, and Brooker had engaged in a concentrated effort to defame Appellees' character and professional standing, by repeated publications of slander and libel with no basis in fact. As for Appellants Neal, Miles, France, Hart, Beaver, Bilby, Savage, and Lynch, the complaint alleged that they had signed a petition requesting impanelment of a grand jury and appointment of a special prosecutor to investigate allegations that Appellees misappropriated public property. The complaint charged that these Appellants knew or should have known that the statements that they made by signing the petition were totally unfounded and untrue.

Many of the defendants, including Appellants Dodge, Bolt, Brooker, and Hart, filed counterclaims, alleging that Appellees' suit was frivolous and constituted malicious prosecution. The suit was eventually dismissed pursuant to Appellees' motion for voluntary nonsuit. The order of nonsuit was entered on August 31, 2001.

The case now before us on appeal is actually three separate appeals from three separate orders of the trial court. First, Appellants Dodge, Bolt, Brooker, and Hart appeal the October 29,

---

[1] Saladino, Yates, Nease, Deichman, Osbourn, and KOFC Radio are not parties to this appeal.

2001, order striking their counterclaims. Second, Appellants Neal, Miles, France, Beaver, Bilby, Savage, and Lynch appeal the October 31, 2001, order denying their motion for attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999). Third, Appellees Lee and Erdmann appeal the October 31, 2001, order granting a default judgment to Dianne Saladino and the December 3, 2001, order denying their motion to set aside the default judgment. As explained below, each of these three appeals contains procedural problems that prohibit us from reaching the merits at this time.

### Appeal from Order Striking Counterclaims

■ Appellants Dodge, Bolt, Brooker, and Hart appeal the trial court's order striking their counterclaims. We note at the outset that such an order is immediately appealable under Ark. R. App. P.—Civ. 2(a)(4), which provides for appeals from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action." *See also Allen v. Greenland*, 347 Ark. 465, 65 S.W.3d 424 (2002). However, we cannot reach the merits of the arguments on appeal because the addendum prepared by Appellants does not contain copies of (1) the notice of appeal; (2) Appellants' response to Appellees' motion to strike the counterclaims; (3) Appellants Brooker's and Hart's joint motion to reconsider the trial court's order striking the counterclaims; and (4) counterclaims filed on behalf of Appellant Hart.

Under Ark. Sup. Ct. R. 4-2(a)(8), the addendum shall include, among other things, photocopies of any "relevant pleadings, documents, or exhibits *essential to an understanding of the case and the Court's jurisdiction on appeal*." (Emphasis added.) *See also Ballard v. Garrett*, 349 Ark. 29, 75 S.W.3d 688 (2002) (*per curiam*). Arkansas Supreme Court Rule 4-2(b)(3), as amended by *In Re: Modification of the Abstracting System*, 345 Ark. Appx. 626 (2001) (*per curiam*), provides in pertinent part:

> If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen

days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

This amendment became effective for cases in which the record is lodged in the appellate court on or after September 1, 2001. It is thus applicable to this case, as the record here was lodged with our Clerk on May 23, 2002.

Prior to the amendment of Rule 4-2(b)(3), this court had the discretionary authority to summarily affirm a case "when the abstract was so flagrantly deficient that the court did not have before it all the parts of the record necessary for an understanding of the issues presented." *Baldwin v. Baldwin*, 349 Ark. 45, 50, 76 S.W.3d 267, 269 (2002). In amending Rule 4-2(b)(3), this court decreed: "Appeals will no longer be affirmed because of the insufficiency of the abstract without the appellant first having any opportunity to cure the deficiencies." *In Re: Modification of the Abstracting System*, 345 Ark. Appx. at 627.

Accordingly, because their addendum does not contain the foregoing pleadings essential to an understanding of the merits of the appeal, Appellants have fifteen days from the date of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). Thereafter, Appellees will have five days to revise or supplement their brief.

### Appeal from Order Denying Attorney's Fees

Appellants Neal, Miles, France, Beaver, Bilby, Savage, and Lynch argue that the trial court erred in denying their motion for attorney's fees under section 16-22-309. We cannot reach the merits of this argument, however, as the order appealed from is

not a final order under Ark. R. Civ. P. 54(b). Rule 54(b) provides in pertinent part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . . .

> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

██ ██ Under Rule 54(b), an order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *City of Corning v. Cochran*, 350 Ark. 12, 84 S.W.3d 439 (2002); *Office of Child Support Enforcem't v. Willis*, 341 Ark. 378, 17 S.W.3d 85 (2000). Although Rule 54(b) provides a method by which the trial court may direct entry of final judgment as to fewer than all of the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final and we must dismiss the appeal. *Id.* The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *City of Corning*, 350 Ark. 12, 84 S.W.3d 439. The failure to comply with the provisions of Rule 54(b) affects the subject-matter jurisdiction of this court. *Id.* Thus, this court is obligated to raise the issue on its own. *Id.*

In the present case, a hearing was held on August 31, 2001, during which several motions were heard from each of the parties, including Appellants' motion for attorney's fees. The trial judge indicated from the bench that he would take the issue of attorney's

fees under advisement and allow the parties to fully brief the issue. An order reflecting the bench ruling was entered on October 29. An order denying the motion for attorney's fees was entered on October 31. Appellants filed their notice of appeal from that order on November 29. The October 31 order is not final, however, because it did not resolve the outstanding counterclaim filed by KOFC Radio.

 The record reflects that during the August 31 hearing, while counsel for these Appellants were present, the trial court inquired as to the status of the outstanding counterclaim filed by KOFC Radio against Appellees. After hearing from counsel that the matter had not yet been resolved, the trial court gave the parties thirty days to try and settle the counterclaim. If no settlement could be obtained in that time, the trial court ruled that the counterclaim would be set for trial. For whatever reason, this bench ruling was not included in the written order entered on October 29. More importantly for this appeal, the counterclaim was not resolved by the order entered on October 31, from which Appellants have appealed.[2] Thus, under Rule 54(b) and this court's cases, the order appealed from is not a final, appealable order, and the appeal must be dismissed. This court has repeatedly held that where the order appealed from does not dispose of a counterclaim, the order is not final under Rule 54(b), and the appeal must be dismissed. See, e.g., City of Corning, 350 Ark. 12, 84 S.W.3d 439; Maroney v. City of Malvern, 317 Ark. 177, 876 S.W.2d 585 (1994); Williamson v. Misemer, 316 Ark. 192, 871 S.W.2d 396 (1994).

 It is of no consequence to Appellants that the matter of attorney's fees is ordinarily viewed by this court as a collateral issue, separate from the merits of a case. This court's jurisdiction is not invoked until a final order has been entered in the trial court, with the exception of those immediately appealable orders listed in Ark. R. App. P.—Civ. 2. Thus, a final order is a prereq-

---

[2] The record reflects that KOFC's counterclaim was dismissed with prejudice in an order entered on December 3, 2001, four days after Appellants' notice of appeal was filed. The record does not reflect that an amended notice of appeal was filed following entry of that December 3 order.

uisite. Without such a final order, no appeal may be entertained, even on a collateral issue such as attorney's fees. Accordingly, because Appellants appealed from the order denying attorney's fees prior to the entry of a final judgment under Rule 54(b), their appeal must be dismissed for lack of jurisdiction.

## Appeal from Default Judgment

 Appellees Lee and Erdmann seek to appeal the trial court's order granting default judgment to one of the defendants, Dianne Saladino, and the trial court's order denying Appellees' motion to set aside the default judgment. The record reflects that the order granting the default judgment was entered on October 31, 2001, and the order denying the motion to set aside the default judgment was entered on December 3, 2001. We must dismiss this appeal because neither Appellees' addendum nor the record itself contains a notice of appeal from these default orders. Without a timely notice of appeal, this court does not obtain jurisdiction. It is well settled that the timely filing of a notice of appeal is essential to this court's jurisdiction. *See Larscheid v. Arkansas Dep't of Human Servs.*, 343 Ark. 580, 36 S.W.3d 308 (2001); *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000); *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000).

In sum, the appeal of Dodge, Bolt, Brooker, and Hart is hereby postponed and the brief returned for compliance with Ark. Sup. Ct. R. 4-2. The appeal brought by Neal, Miles, France, Beaver, Bilby, Savage, and Lynch is dismissed for lack of a final order, pursuant to Ark. R. Civ. P. 54(b). Finally, the appeal of Lee and Erdmann is dismissed for lack of a notice of appeal.

ARNOLD, C.J., not participating.