Frank and Charlotte MYERS, Individually and as Personal Representatives of the Estate of Frankie Myers, Jr., a Deceased Minor *v.* E. McADAMS, M.D., Searcy Medical Center, P.A., Patricia Pierce, R.N., White County Medical Center and Arkansas Health Group d/b/a Searcy Medical Center/a Baptist Health Affiliate

05-1309                                          236 S.W.3d 504

Supreme Court of Arkansas
Opinion delivered May 25, 2006

*Haskins, Gregan & Kelly,* by: *Jacqueline C. Gregan,* and *Eubanks, Baker & Schulze,* by: *J. G. "Gerry" Schulze,* for appellant.

*Friday, Eldredge & Clark, LLP,* by: *Jason B. Hendren,* for appellees Patricia Pierce, R.N., and White County Medical Center.

ANNABELLE CLINTON IMBER, Justice. Appellant Frank Myers, as administrator of the estate of Frankie Myers, deceased, appeals the White County Circuit Court's grant of summary judgment on a wrongful-death claim. We dismiss this appeal without prejudice because the record reflects neither an adjudication of all claims, nor a proper certification pursuant to Ark. R. Civ. P. 54(b). As the court's order is not final, we have no jurisdiction to hear the appeal. *See* Ark. R. Civ. P. 54(b)(2) (2006).

The procedural facts of this case are long and complicated. The record reflects that Frankie Myers was born to Frank and Charlotte Myers on July 9, 1994. While Frankie was still alive, his parents filed a medical-malpractice lawsuit against Appellees J.R. Gardner, M.D., E. McAdams, M.D., Searcy Medical Center, P.A., Patricia Pierce, R.N., and White County Memorial Hospital. Frank and Charlotte Myers eventually dismissed the medical-malpractice lawsuit voluntarily. Frankie Myers died on January 15, 2004, nine-and-a-half years after his birth. Thereafter, on September 10, 2004, a complaint was filed by "Frank Myers, Administrator, and Charlotte Myers, as Heirs and Next of Kin of Frankie Myers, a Deceased Minor," against Appellees.[1] In that complaint, the Myerses alleged a wrongful-death claim predicated on negligence, but the prayer for damages not only sought wrongful-death benefits, but also sought to recover survival-action damages for the benefit of the decedent's estate. A first amended complaint filed on September 29, 2004, by "Frank Myers, as Administrator of the Estate of Frankie Myers, a Deceased Minor, and Frank and Charlotte Myers, Individually and as Wrongful Death Beneficiaries of Frankie Myers, a Deceased Minor," made similar claims against an additional defendant, Appellee Arkansas Health Group d/b/a Searcy Medical Center/A Baptist Health Affiliate. Once again, the first amended complaint requested damages recoverable

---

[1] Dr. Gardner was eventually dismissed from the lawsuit due to the plaintiffs' failure to properly serve process.

in both wrongful-death and survival actions. A second amended complaint was thereafter filed on November 4, 2004, seeking similar damages.

On December 20, 2004, Appellees Patricia Pierce, R.N., and the White County Medical Center filed a motion for summary judgment, arguing that the claims were time-barred under the applicable statute of limitations. The other appellees subsequently adopted that summary-judgment motion. After a hearing, the circuit court granted summary judgment, dismissing the Myerses' individual claims and the action for wrongful death. From that order, Appellant now appeals.

During the time between the filing of the summary-judgment motion and entry of the order dismissing the individual claims and the action for wrongful death, Appellant filed two other amended complaints. Once again, the third amended complaint filed on March 2, 2005, by "Frank Myers, as Administrator of the estate of Frankie Myers, a Deceased Minor, and Frank and Charlotte Myers, as wrongful death beneficiaries of Frankie Myers, a deceased minor," sought damages for both survival and wrongful-death claims. With the filing of the fourth amended complaint on June 2, 2005, by "Frank and Charlotte Myers, Individually and as Personal Representatives of the Estate of Frankie Myers, Jr., a Deceased Minor," Appellant made an explicit survival claim under the survival statute, Ark. Code Ann. § 16-62-101 (Repl. 2006).

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment, order, or decree entered by the trial court. *Smith v. Smith,* 337 Ark. 583, 990 S.W.2d 550 (1999). Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* Arkansas Rule of Civil Procedure 54(b) states that an order which disposes of fewer than all of the claims of all of the parties is not a final appealable order unless the court makes an express determination that there is a danger of hardship or injustice, which an immediate appeal would alleviate. *See Freeman v. Colonia Ins. Co.,* 319 Ark. 211, 890 S.W.2d 270 (1995). When the trial court does not make the required certification, the order is not final for appellate purposes. *Id.*

In the instant appeal, the circuit court granted summary judgment on Appellant's wrongful-death claim, concluding in relevant part:

The individual claims of Frank and Charlotte Myers,[2] as well as the wrongful death claim pertaining to the deceased minor, are premised upon allegations of medical injury and are therefore governed by the two-year period prescribed by Ark. Code Ann. § 16-114-203(a).

. . . .

Because the wrongful death claim pertaining to the deceased minor was not filed originally until September 10, 2004, over ten years after the alleged medical injury in July 1994, that claim is time-barred as well and is also hereby dismissed with prejudice as to all defendants. In so ruling, the Court finds that the tolling provision applicable to a minor's injury under the Medical Malpractice Act does not apply to a beneficiary's *derivative claim in a wrongful death action* based upon alleged medical negligence.

(Emphasis added.) The court, however, failed to dispose of the survival claim. Survival and wrongful-death claims are separate and distinct causes of action created by the General Assembly. Survival claims arise under Ark. Code Ann. § 16-62-101:

(a)(1) For wrongs done to the person or property of another, an action may be maintained against a wrongdoer, and the action may be brought by the person injured or, after his or her death, by his or her executor or administrator against the wrongdoer or, after the death of the wrongdoer, against the executor or administrator of the wrongdoer, in the same manner and with like effect in all respects as actions founded on contracts.

(2) Nothing in subdivision (a)(1) of this section shall be so construed as to extend its provisions to actions of slander or libel.

(b) In addition to all other elements of damages provided by law, a decedent's estate may recover for the decedent's loss of life as an independent element of damages.

Ark. Code Ann. § 16-62-101 (Repl. 2006). Wrongful-death actions, on the other hand, arise under Section 16-62-102:

---

[2] Appellant expressly states that he is not appealing the dismissal of the parents' individual claims. In fact, a review of the notice of appeal reflects that the only Appellant is Frank Myers in his capacity as Administrator.

(a)(1) Whenever the death of a person or a viable fetus shall be caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued, then and in every such case, the person or company or corporation that would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person or the viable fetus injured, and although the death may have been caused under such circumstances as amount in law to a felony.

(2) The cause of action created in this subsection shall survive the death of the person wrongfully causing the death of another and may be brought, maintained, or revived against the personal representatives of the person wrongfully causing the death of another.

(3) No person shall be liable under this subsection when the death of the fetus results from a legal abortion or from the fault of the pregnant woman carrying the fetus.

(b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

Ark. Code Ann. § 16-62-102 (a) & (b) (Repl. 2006). As to the distinction between a survival claim and a wrongful-death claim, one learned treatise, Brill, *Arkansas Law of Damages* (2005), states:

Upon the death of an individual two separate claims come into existence. Under the survival statute the tort claims that would have been asserted by the decedent no longer abate as they did at common law. They now survive, to be asserted by the personal representative on behalf of the estate. Specifically, the cause of action for injuries to an individual survive the death of the victim and the death of the tortfeasor. Similarly, an action must be brought against the personal representative of the deceased tortfeasor, not against the heirs.

The companion statute . . . permits the statutory beneficiaries to recover for the personal losses they have suffered by virtue of the death of the decedent. . . . The survival claim is brought for the benefit of the estate; in contrast, the estate is merely a conduit

through which to channel claims and the resulting recovery for the losses to the beneficiaries as defined in the wrongful death statute. Compensation awarded to the beneficiaries under the wrongful death statute cannot be shifted to the estate to pay the debts of the estate.

Howard W. Brill, *Arkansas Law of Damages* § 34:1 (5th Ed. 2005) (internal citations omitted).

In this case, the original complaint sought damages under both the survival statute and the wrongful-death statute. While the survival claim may not have been explicitly designated until the fourth amended complaint, it is clear that such a claim was alleged from the outset of the lawsuit, given that a significant amount of the alleged damages were only recoverable in a survival action. The order entered by the circuit court dismissed the wrongful-death claim pertaining to the deceased minor. In ruling that the wrongful-death claim is barred by the statute of limitations, the court found "that the tolling provision applicable to a minor's injury under the Medical Malpractice Act does not apply to a beneficiary's derivative claim in a wrongful death action based upon alleged medical negligence." Thus, the circuit court only dismissed the wrongful-death claim, which is derivative of the decedent's tort claims, *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 199 S.W.3d 45 (2004); *Estate of Hull v. Union Pacific R.R.*, 355 Ark. 547, 141 S.W.3d 356 (2004), thereby leaving the survival claim, which is the decedent's claim that survives his death pursuant to Ark. Code Ann. § 16-62-101, still pending.

Accordingly, where, as here, the record reflects neither an adjudication of all claims nor a proper certification pursuant to Rule 54(b), the court's order is not final, and we have no jurisdiction to hear the appeal. *See* Ark. R. Civ. P. 54(b)(2); *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). We therefore dismiss the present appeal without prejudice.