

# SUPREME COURT OF ARKANSAS

**No.** CV–14–414

NATHANIEL SMITH, M.D., MPH,
INTERIM DIRECTOR OF THE
ARKANSAS DEPARTMENT OF
HEALTH, IN HIS OFFICIAL
CAPACITY, AND HIS SUCCESSORS
IN OFFICE;
RICHARD WEISS, DIRECTOR OF
THE ARKANSAS
DEPARTMENT OF FINANCE AND
ADMINISTRATION,
IN HIS OFFICIAL CAPACITY, AND
HIS SUCCESSORS
IN OFFICE; PULASKI
CIRCUIT/COUNTY CLERK,
LARRY CRANE, IN HIS OFFICIAL
CAPACITY, AND
HIS SUCCESSORS IN INTEREST;
WHITE COUNTY CLERK,
CHERYL EVANS, IN HER OFFICIAL
CAPACITY, AND
HER SUCCESSORS IN INTEREST;
LONOKE COUNTY CLERK,
WILLIAM "LARRY" CLARKE, IN HIS
OFFICIAL CAPACITY,
AND HIS SUCCESSORS IN
INTEREST; CONWAY COUNTY
CLERK, DEBBIE HARTMAN, IN HER
OFFICIAL CAPACITY,
AND HER SUCCESSORS IN OFFICE;
SALINE COUNTY CLERK,
DOUG CURTIS, IN HIS OFFICIAL
CAPACITY, AND HIS
SUCCESSORS IN OFFICE;
FAULKNER COUNTY CLERK,
MELINDA REYNOLDS, IN HER
OFFICIAL CAPACITY, AND
HER SUCCESSORS IN OFFICE;
WASHINGTON COUNTY
CLERK, BECKY LEWALLEN, IN HER
OFFICIAL CAPACITY,

**Opinion Delivered** May 14, 2014

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT
[NO. 60CV-13-2662]

HONORABLE CHRISTOPHER
CHARLES PIAZZA, JUDGE

<u>APPEAL DISMISSED WITHOUT
PREJUDICE; PETITION FOR
EMERGENCY STAY DENIED</u>.

AND HER SUCCESSORS IN OFFICE

APPELLANTS

V.

M. KENDALL WRIGHT AND JULIA E.
WRIGHT; INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILDREN, G.D.W.
AND P.L.W.; RHONDA L. EDDY AND
TREBA L. LEATH;
CAROL L. OWENS AND RANEE J.
HARP; NATALIE
WARTICK AND TOMMIE J.
WARTICK; INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
SON, T.B.W.;
KIMBERLY M. KIDWELL AND
KATHRYN E. SHORT;
JAMES BOONE AND WESLEY
GIVENS; KIMBERLY M.
ROBINSON AND FELICITY L.
ROBINSON; LINDA L. MEYERS
AND ANGELA K. SHELBY;
GREGORY A. BRUCE
AND WILLIAM D. SMITH, JR.;
MONICA J. LOYD
AND JENNIFER L. LOCHRIDGE;
JENNIFER D. MOORE
AND MANDY A. LYLES; JONATHAN
K. GOBER AND
MARK R. NORWINE; ANDRA
ALSBURY AND
AMBER GARDNER–ALSBURY;
ANGELA SPEARS GULLETTE;
AND LIVICIE C. GULLETTE;
SHANNON HAVENS; AND
RACHEL WHITTENBURG; CODY
RENEGAR; AND
THOMAS STADE; KATHERINE

HENSON AND
ANGELIA BUFORD; CHRISTOPHER
H. HORTON; AND
MICHAEL E. POTTS; JOHN
SCHENCK AND ROBERT LOYD;
WILLIAM A. KING; AND JOHN
MCCLAY RANKINE;
ARICA NAVARRO AND PATRICIA
NAVARRO; AND RANDY
EDDY-MCCAIN AND
GARY EDDY-MCCAIN

                                    APPELLEES

**PER CURIAM**

Before this court is the appellants' petition for emergency stay filed by Nathaniel Smith, M.D., Interim Director of the Arkansas Department of Health in his official capacity and his successors in office; Richard Weiss, Director, Arkansas Department of Finance and Administration, in his official capacity, and his successors in office; Pulaski Circuit/County Clerk, Larry Crane, in his official capacity, and his successors in interest; White County Clerk, Cheryl Evans, in her official capacity, and her successors and interest; Lonoke County Clerk, William "Larry" Clarke, in his official capacity, and his successors in interest; Conway County Clerk, Debbie Hartman, in her official capacity, and her successors in office; Saline County Clerk, Douglas Curtis, in his official capacity, and his successors in office; Faulkner County Clerk, Melinda Reynolds, in her official capacity, and her successors in office; Washington County Clerk, Becky Lewallen, in her official capacity, and her successors in office (hereinafter "the State"). Additionally before this court is the appellees' motion to dismiss

3

appeal filed by M. Kendall Wright and Julia W. Wright, individually and on behalf of their minor children, G.D.W. and P.L.W.; Rhonda L. Eddy and Treba L. Leath; Carol L. Owens and Ranee J. Harp; Natalie Wartick and Tommie J. Wartick, individually and on behalf of their minor son, T.B.W.; Kimberly M. Kidwell and Kathryn E. Short; James Boone and Wesley Givens; Kimberly M. Robinson and Felicity L. Robinson; Linda L. Meyers and Angela K. Shelby; Gregory A. Bruce and William D. Smith, Jr.; Monica J. Loyd and Jennifer L. Lochridge; Jennifer D. Moore and Mandy A. Lyles; Jonathan K. Gover and Mark R. Norwine; Andra Alsbury and Amber Gardner-Alsbury; Angela Spears Gullette and Livicie C. Gullette; Shannon Havens and Rachel Whittenburg; Cody Renegar and Thomas Stade; Katherine Henson and Angelia Buford; Christopher H. Horton and Michael E. Potts; John Schenck and Robert Loyd; William A. King and John McClay Rankine; Arica Navarro and Patricia Navarro; and Randy Eddy-McCain and Gary Eddy-McCain (hereinafter "Wright"). The parties responded respectively.[1]

The State petitions the court for an emergency stay of the Pulaski County Circuit Court's May 9, 2014 "order granting summary judgment in favor of [Wright] and finding Act 144 of 1997 and Amendment 83 unconstitutional." The State asserts that an emergency stay is necessary "while this court considers the State's appeal, in order to avoid confusion and uncertainty about the effect of the circuit court's order on Arkansas marriage law." Further, the State asserts that circuit clerks across Arkansas are uncertain about whether they are

---

[1]Also before this court is a separate expedited motion for stay filed by the Clerks of White, Washington, Lonoke, and Conway County which is rendered moot for the reasons explained in this opinion.

required to immediately issue marriage licenses to same-sex couples, pursuant to the circuit court's order, or are required to refrain from doing so pursuant to Amendment 83.

Wright responds that we should deny the State's petition for emergency stay because the circuit court has yet to rule on a pending motion for stay; therefore, the petition is premature.

Additionally before the court is Wright's motion to dismiss the appeal. Wright contends that we should dismiss the State's appeal because there is no final order in this case. Specifically, Wright asserts that the circuit court "only ruled on the declaratory judgment aspect of the case and has not ruled upon the injunctive relief issue," and "did not rule on the constitutionality of Ark. Code Ann. § 9-11-208(b), which forbids circuit court clerks from issuing marriage licenses to persons of the same sex." The State agrees with Wright that the circuit court's order fails to rule on the injunctive relief or the constitutionality of Ark. Code Ann. § 9-11-208(b) and asserts that if we determine there is no final and appealable order, then the State will not object to granting the motion to dismiss because it will file its appeal when it is ripe. The State further responds that whether or not we dismiss the appeal, we should use our superintending authority over circuit courts to issue the stay.

First, with regard to the finality of the circuit court's order, the circuit court's order provides in pertinent part:

THIS COURT HEREBY FINDS the Arkansas Constitutional and Legislative ban on same-sex marriage through Act 144 of 1997 and Amendment 83 is unconstitutional.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2013) provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *Searcy*

5

*Cnty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). *See J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177, ___ S.W.3d ___. Accordingly, here, we have carefully reviewed the record, and the record reflects neither an adjudication of all claims nor a proper certification pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure; therefore, the court's order is not final, and we have no jurisdiction to hear the appeal. *See* Ark. R. Civ. P. 54(b)(2) (2013); *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002); *see also Myers v. McAdams*, 366 Ark. 435, 236 S.W.3d 504 (2006). We therefore dismiss the present appeal without prejudice.

Second, the State asserts that even if we dismiss the appeal, we should use our superintending authority to grant a stay because circuit and county clerks are confused as to whether they may issue same-sex marriage licenses. We turn again to the circuit court's order. Here, the circuit court did not issue a ruling with regard to Ark. Code Ann. § 9-11-208(b) (Repl. 2009), "License not issued to persons of the same sex." Therefore, the circuit court's order has no effect on Ark. Code Ann. § 9-11-208(b) and its prohibition against circuit and county clerks issuing same-sex marriage licenses. Accordingly, we deny the State's petition for an emergency stay of the circuit court's May 9, 2014 order.

Motion to dismiss appeal granted without prejudice; motion for emergency stay denied.



CORBIN AND DANIELSON, JJ., concur. By way of syllabus entry, we would grant the motion to dismiss due to the lack of a final order and deny the petition for emergency stay as the matter is still before the trial court.