

Cite as 2014 Ark. App. 544

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–460

| | |
|---|---|
| MIDFIRST BANK, CAROLYN BEDFORD, AND DENISE BEDFORD<br><br>APPELLANTS<br><br>V.<br><br>LORI LEDBETTER SUMPTER<br>APPELLEE | **Opinion Delivered** October 8, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CV-2008-10]<br><br>HONORABLE VICTOR L. HILL, JUDGE<br><br>APPEAL DISMISSED |

## DAVID M. GLOVER, Judge

We must dismiss the appeal in this case for lack of a final, appealable order. There are separate appeals by appellant MidFirst Bank and appellants Carolyn Bedford and her sister, Denise Bedford, and a conditional cross-appeal by appellee Lori Sumpter. MidFirst argues for reversal of a money judgment against it and in favor of Sumpter. Sumpter has filed a conditional cross-appeal in the event that her judgment against MidFirst is reversed. The Bedfords appeal from the part of the order dismissing their conversion claims against MidFirst and Sumpter.

In July 1986, Carolyn Bedford became the owner of property located in West Memphis, Arkansas. Bedford assumed the indebtedness owed under a deed of trust and note later assigned to MidFirst. The note went into default when the March 2007 payment was not made.

In January 2008, MidFirst filed a judicial foreclosure action against Bedford and other defendants with record-title interests in the property. Service on Bedford was by certified mail, restricted delivery, return-receipt requested. The green card was signed by Bedford's sister, Denise Bedford.

On July 25, 2008, the circuit court entered a decree of foreclosure by default, granting MidFirst a judgment in rem against the property in the principal amount of $25,679.46, together with interest, fees, and late charges, for a total judgment of $35,538.88.

The property was offered for public sale on September 15, 2008, and Sumpter purchased the property for $35,103.46. On October 6, 2008, the circuit court confirmed the sale and approved the Commissioner's Deed to Sumpter. The Commissioner's Deed was dated and recorded the same day.

On October 2, 2008, Sumpter executed a promissory note to Fidelity Bank, secured by a mortgage on the property, for the purpose of financing improvements on the property. The principal amount of the note was $62,250. In November 2008, she leased the property.

On October 15, 2008, Carolyn Bedford moved to set aside the foreclosure decree for insufficient service of the complaint. She alleged that the service of process of the summons and complaint by certified mail was improper because it was signed for by Denise Bedford.

In August 2009, the circuit court found that service of the foreclosure complaint was defective and set aside the default judgment, vacated the foreclosure sale, voided the Commissioner's Deed, and ordered that possession be returned to Carolyn Bedford within sixty days. Sumpter unsuccessfully sought to have the order modified so that Bedford would

not regain possession until she paid the value of the improvements, as provided by the Betterment Act.[1]

Sumpter sought to have title to the property quieted in her name, and requested damages from Carolyn Bedford and MidFirst. Bedford answered the petition and denied the material allegations. MidFirst responded to Sumpter's pleadings by asserting that the doctrine of caveat emptor applied to bar any relief to Sumpter. Sumpter later amended her petition to seek damages under the Betterment Act in the approximate sum of $60,000, together with the loss of revenues in the amount of $352,000. Bedford filed a cross-claim for indemnification against MidFirst for any damages Sumpter might recover against her.

By agreed order entered on December 28, 2009, Sumpter's purchase price of $35,103.46 was refunded to her. The order reserved the question of whether she should be awarded interest on the sum.

Sumpter moved for partial summary judgment against MidFirst on the issue of liability. MidFirst responded to the motion. Following a hearing, the circuit court granted Sumpter's motion as to liability against MidFirst. The court noted that both Bedford and MidFirst were inattentive to their business, which led to the improper foreclosure action, and that Sumpter was not to blame.

After Sumpter amended her petition yet again, Bedford asserted a cross-claim against Sumpter and MidFirst for damage to, or conversion of, her personal property. Denise Bedford

---

[1]The Betterment Act is codified at Arkansas Code Annotated § 18-60-213 (Repl. 2003).



was granted leave to intervene and filed a third-party complaint asserting a conversion claim against MidFirst and Sumpter.

The case proceeded to a two-day bench trial. In its order entered on November 2, 2012, the circuit court found that Sumpter was entitled to recover on a negligence theory from MidFirst the total amount that she had borrowed from Fidelity Bank, plus all associated costs, which the court found to be $81,516.15, less the refunded purchase price of $35,103.46, for a balance of $46,412.69, plus interest at the maximum lawful rate until paid. The court gave no offset for the $8,000 in rent Sumpter received on the property. Fidelity Bank was granted a lien on the $46,412.69, or such portion thereof as might be necessary, to pay off the balance that Sumpter had borrowed. Finally, the circuit court found that neither Carolyn Bedford nor her sister would recover on their conversion claims. The court found that their claims were grossly exaggerated and not credible, that their damages were not proven, and that any amounts claimed by Carolyn Bedford were more than offset by the improvements Sumpter made to the property.

The timely appeals by MidFirst and the Bedfords followed. Sumpter filed a notice of conditional cross-appeal in the event that the award of damages against MidFirst is reversed.

The finality problem arises because the order from which the appeal is taken does not address all of the parties' claims against all of the other parties. Specifically, the circuit court did not address Sumpter's Betterment Act claim against Carolyn Bedford and Bedford's related cross-claim for indemnity on that claim against MidFirst. Instead, the court proceeded on a negligence theory. This was despite the fact that the court had indicated earlier in the

4

proceedings that Bedford may well owe Sumpter for the improvements.

The question of whether an order is final and subject to appeal is a jurisdictional question that we will raise on our own. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross–claims, or third–party claims, is not final for purposes of appeal. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Although Rule 54(b) provides a method by which the circuit court may direct entry of a final order as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181. Here, there is no Rule 54(b) certificate. Nor did the Bedfords' notice of appeal or Sumpter's notice of conditional cross-appeal contain a statement regarding the abandonment of any pending or unresolved claims. Ark. R. App. P.– Civ. 3(e)(vi). Therefore, we must dismiss this appeal for lack of a final, appealable order.

Appeal dismissed.

HARRISON and WYNNE, JJ., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellants Carolyn and Denise Bedford.

*Wilson & Asssociates, PLLC*, by: *H. Keith Morrison*, for appellant MidFirst Bank.

*Fogleman, Rogers & Coe*, by: *J. Matthew Coe*, for appellee.

SLIP OPINION