

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-958

| | |
|---|---|
| ALEXANDER MORSE | **Opinion Delivered** April 26, 2017 |
| APPELLANT | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45PR-16-27] |
| V. | |
| HALEY AUSTIN AND MINOR CHILD | HONORABLE DEANNA SUE LAYTON, JUDGE |
| APPELLEES | |
| | DISMISSED WITHOUT PREJUDICE |

### N. MARK KLAPPENBACH, Judge

Appellant Alexander Morse appeals an order filed in July 2016 by the Marion County Circuit Court that denied his motion to dismiss appellee Haley Austin's petition to adopt his daughter EAM. We dismiss the appeal for lack of finality.

Appellant and appellee are the unmarried biological parents of EAM, who was born in April 2014. In March 2016, appellee filed a petition in Marion County, seeking to adopt EAM without appellant's consent. Appellee alleged that appellant had not had any contact with EAM since 2014 and had made only two payments of child support in 2015. In April 2016, appellant filed a motion to dismiss the adoption petition, contending that her petition did not comply with statutory mandates, that appellee was presently unable to meet the requirements to obtain an adoption, that appellant had filed a separate petition in Conway County to register a judgment issued by a North Carolina court that established his paternity and gave him visitation rights, and that the Conway County case should proceed and the

SLIP OPINION

adoption case should be dismissed for failure to state facts on which relief could be granted. Appellee filed a response in resistance to the motion to dismiss, asserting that Arkansas statutory law and caselaw permits a natural parent to adopt her own child; that she had substantially complied with presenting all the information required to be in an adoption petition; that she and the child were residents of Marion County; and that appellant's separate cause of action had not yet been served on her.

In July 2016, the trial court entered an order that denied appellant's motion to dismiss the petition for adoption, finding venue and jurisdiction to be proper in Marion County. The order recited that the adoption petition stated facts upon which relief could be granted and that the allegations of misstatements of material facts and of misapplication of the law were not proper bases to dismiss the petition but were proper for a hearing. Appellant filed a timely notice of appeal from the order denying dismissal.

Rule 2(a)(1) (2016) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. The requirement of a final judgment is the cornerstone of appellate jurisdiction, and the appellate court reviews only final orders. *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id*. Stated another way, for an order to be final and appealable, the order must put the judge's directive into execution, ending the litigation or a separable branch of it. *City of Corning v. Cochran*, 350

SLIP OPINION

Ark. 12, 84 S.W.3d 439 (2002). By contrast, an order that contemplates further action by a party or the court is not a final, appealable order. *Blackman v. Glidewell*, 2011 Ark. 23. Even though the issue decided might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Robinson v. Villines*, 2012 Ark. 211.

More specifically, an appeal may not be taken from an order denying a motion to dismiss, with certain exceptions not applicable here. *See Ark. State Claims Comm'n v. Duit Constr. Co.*, 2014 Ark. 432, 445 S.W.3d 496; S*earcy Cty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533; *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003); *Courtney v. Ward*, 2012 Ark. App. 148, 391 S.W.3d 686. Appellant attempts to characterize this order as one emanating from a "probate case," which would be appealable at this point under Ark. R. App. P.– Civ. 2(a)(12). This, however, is an adoption case, even if heard in the probate division of circuit court. According to Arkansas Code Annotated section 9-9-216(a) (Repl. 2015), "[a]n appeal from any final order or decree rendered under this subchapter [the Revised Uniform Adoption Act] may be taken in the manner and time provided for appeal from a judgment in a civil action." Although Arkansas Rule of Civil Procedure 54(b) provides a method by which a circuit court may direct that an immediate appeal be permitted to proceed, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181; *Jacobs v. Collison*, 2015 Ark. App. 420.

Cite as 2017 Ark. App. 257

In summary, the order on appeal contemplates further action by the parties and the trial court such that there is no final, appealable order before us. Consequently, we must dismiss the appeal without prejudice. *See Chitwood v. Chitwood*, 2013 Ark. 195; *Ford Motor Co. v. Washington*, 2012 Ark. 325; *Crafton, Tull, Sparks & Assocs. v. Ruskin Heights, LLC*, 2012 Ark. 56; *Patil v. Hoover*, 2012 Ark. App. 341.

Dismissed without prejudice.

MURPHY and BROWN, JJ., agree.

*Aimie Lockwood*, for appellant.

*Ethredge & Copeland, P.A.*, by: *Johnnie Abbott Copeland* and *David L. Ethredge*, for appellees.